**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARY A. KEISLER and JOHN S. KEISLER, <br><br> Plaintiffs, <br><br> v. <br><br> MANORCARE HEALTH SERVICES-WASHINGTON TOWNSHIP, PORTFOLIO ONE, LLC, HCR HEALTHCARE, LLC, HEARTLAND, LLC, HCR MANORCARE, INC, LP CARLYLE PARTNERS, MANOR CARE, INC., OPERATIONS II HCR MANORCARE, ABC COMPANIES (1-10), DEF PARTNERSHIPS (1-10), JOHN DOE PHYSICIANS (1-10), JANE DOE NURSES (1-20), and JANE MOE TECHNICIANS, CNAs, and PARAMEDIC EMPLOYEES (1-20), <br><br> Defendants. | Civil No. 17-1589 (NLH/KMW) <br><br> **OPINION** |

**APPEARANCES:**

DAVID L. GORDON
PHILLIP J. ANDERSON
SHANE P. SIMON
BUCHANAN INGERSOLL & ROONEY PC
700 ALEXANDER PARK
SUITE 300
PRINCETON, NJ 08540

*Attorney for Defendants.*

**HILLMAN, District Judge**

This case concerns common law and statutory claims stemming from injuries sustained by Plaintiff Mary A. Keisler while at a

nursing home operated by Defendants in Washington Township, New Jersey. Presently before the Court is Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 41(b) ("Motion to Dismiss"). This Court will grant Defendants' Motion to Dismiss for the reasons stated below.

## BACKGROUND

This Court takes its facts from Plaintiffs' complaint. Between February 17 and February 25, 2015, Plaintiff Mary Keisler was a patient at the nursing home operated by Defendants in Washington Township, New Jersey. Plaintiff John S. Keisler was her husband. At some point in February 2015, it appears Mary Keisler suffered injuries, which included a hip fracture, severe bruising, facial contusions, and lacerations.

On December 1, 2016, Plaintiffs filed a complaint in the Superior Court of New Jersey, Gloucester County. The complaint alleged four counts against all Defendants for (1) negligence, (2) violations of N.J. Rev. Stat. § 30:13-1, et seq., (3) punitive damages, and (4) per quod. Defendants removed the case to this Court on March 9, 2017 on the basis of diversity.

Discovery proceeded shortly thereafter. On November 21, 2017, Plaintiffs' counsel informed the Court via letter that Mary Keisler had passed away. (ECF No. 15.) The letter stated that John Keisler still wished to pursue the claims, but needed to set up Mrs. Keisler's estate first. (ECF No. 15.) Discovery

deadlines were extended sixty days to accommodate Plaintiffs' schedule. (ECF No. 17.) On January 26, 2018, Plaintiffs' counsel informed the Court that he had not been able to get in contact with Mr. Keisler and had hired a private investigator to find his client. (ECF No. 18.) Discovery deadlines were again extended for another sixty days. (ECF No. 20.) Besides a status conference in March and July 2018, no further progress has been made in this case. As of the writing of this opinion, it appears Mr. Keisler has not been located nor has he responded to correspondence from his counsel.

On August 10, 2018, Defendants filed their Motion to Dismiss. No response was filed by Plaintiffs. Accordingly, the Motion to Dismiss is ripe for adjudication.

## **ANALYSIS**

### A. Subject Matter Jurisdiction

This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332.

### B. Rule 41(b) Standard

Pursuant to Federal Rule of Civil Procedure 41(b), the Court may dismiss an action when a plaintiff fails to prosecute his case or comply with the court rules or a court order. FED. R. CIV. P. 41(b).

Generally, when deciding whether to dismiss a case for a plaintiff's failure to prosecute, the Court must consider the

six factors set forth in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). These factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis, 747 F.2d at 868. The Court notes that "[n]ot all of these factors need to be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988). Thus, the Court will consider these factors in turn.

**C. Rule 41(b) Motion**

　　a. The Extent of Plaintiffs' Personal Responsibility

The Court finds this factor favors dismissal. Obviously, Mrs. Keisler bears no responsibility for the failure to prosecute this action, as up to her passing she appears to have been actively involved in the litigation. Similarly, her counsel is not personally responsible. Since late-November 2017, Plaintiffs' counsel has been diligent in attempting to locate Mr. Keisler so that litigation could continue, but has been unsuccessful.

But, Mr. Keisler does bear personal responsibility for the lack of prosecution of this action since November 2017. Mr.

4

Keisler is necessary to continue this action, but has not returned his counsels' telephone calls or correspondence. Whether Mr. Keisler was explicit in his refusal to continue this litigation or whether this is merely implicit refusal based on inaction, Mr. Keisler bears direct responsibility. For that reason, this Court finds this factor favors dismissal.

      b. <u>The Prejudice to Defendants Caused by the Failure to Meet Scheduling Orders and Respond to Discovery</u>

The Court finds this factor also supports dismissal. Generally, "[e]vidence of prejudice to an adversary . . . 'bear[s] substantial weight in support of dismissal.'" <u>Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund</u>, 29 F.3d 863, 873-74 (3d Cir. 1994) (quoting <u>Scarborough v. Eubanks</u>, 747 F.2d 871, 876 (3d Cir. 1984)). Generally, prejudice includes "'the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy.'" <u>Briscoe v. Klaus</u>, 538 F.3d 252, 259 (3d Cir. 2008) (quoting <u>Ware v. Rodale Press, Inc.</u>, 322 F.3d 218, 222 (3d Cir. 2003)). Examples of this type of prejudice include the loss of evidence, "'the inevitable dimming of witnesses' memories,'" and burdens or costs imposed upon the discovering party. <u>Id.</u> (citing <u>Adams</u>, 29 F.3d at 874).

Defendants have been unable to depose either of the Plaintiffs in this case. Plaintiffs have, in general, not

5

responded to discovery requests since November 2017. Defendants have been unable, as a result, to engage in expert discovery. Obviously, Mr. Keisler's disappearance is the root of this issue, not Mrs. Keisler or Plaintiffs' counsel. Mr. Keisler has thus not honored discovery deadlines set by the Court. There is clear prejudice here, and this factor strongly favors dismissal.

    c. <u>The History of Dilatoriness</u>

This factor also favors dismissal. "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." <u>Adams</u>, 29 F.3d at 874 (citing <u>Poulis</u>, 747 F.2d at 868). This Court finds that neither Mrs. Keisler or Plaintiffs' counsel have shown a history of dilatoriness. However, Mr. Keisler has shown this type of history. Regardless of the reason, Mr. Keisler has not participated in the case, missing multiple deadlines and causing all litigation to stop. This factor supports dismissal.

    d. <u>The Willfulness or Bad Faith of the Conduct of Plaintiffs or Plaintiffs' Counsel</u>

This factor does not favor dismissal. Defendants concede there was no willfulness or bad faith on the part of Plaintiffs or their counsel.

    e. <u>The Effectiveness of Sanctions Other than Dismissal</u>

This factor favors dismissal. Essentially, this factor

requires the Court to "consider the availability of sanctions alternative to dismissal." Briscoe, 538 F.3d at 262 (citing Poulis, 747 F.2d at 869). This Court finds instructive the treatment of this factor in Cooper v. Atlantic County Justice Facility, No. 15-575 (JBS/JS), 2016 U.S. Dist. LEXIS 3903, at *7-8 (D.N.J. Jan. 12, 2016). In that case, the pro se plaintiff could not be located after he filed his complaint; all mail sent to him was returned as undeliverable. Id. at *1-3. The Court determined that monetary sanctions, an order to show cause requiring the plaintiff to state why his case should not be dismissed, and administrative termination would all be ineffective. Id. at *7-8.

Although circumstances are slightly different in this case, the same reasoning and outcome applies here. Monetary sanctions against Mr. Keisler would be ineffective since he cannot be located. Monetary sanctions against his counsel would be unwarranted because they are not responsible for Mr. Keisler's unwillingness to continue with this litigation. For similar reasons, an order to show cause or administrative termination would be ineffective. Nothing short of dismissal will solve the issue of Mr. Keisler's disappearance. Thus, this factor favors dismissal.

  f. The Meritoriousness of the Claim or Defense

This factor does not favor dismissal. Under this factor,

the Third Circuit has instructed district courts to "use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim" to determine meritouriousness of claims and defenses.  <u>Briscoe</u>, 538 F.3d at 263 (citing <u>Poulis</u>, 747 F.2d at 869-70).  Defendants concede Plaintiffs' claims are meritorious under this standard.  Thus, this factor does not favor dismissal.

On balance, this Court finds the <u>Poulis</u> factors weigh in favor of dismissal.  After the passing of his wife, it appears Mr. Keisler did not actually wish to continue this litigation and – despite the best efforts of his counsel – it appears Mr. Keisler also does not wish to be found.  Unfortunately, nothing short of dismissal will alleviate the prejudice caused to Defendants.  Thus, this Court will grant Defendants' Motion to Dismiss.

## **CONCLUSION**

Based on the foregoing reasons, this Court will grant Defendants' Motion to Dismiss.

An appropriate Order will be entered.


Date: <u> March 4, 2019 </u>          <u>  s/ Noel L. Hillman  </u>
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.